1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LMD INTEGRATED LOGISTIC
SERVICES, INC.,

                    Plaintiff,

          v.

MERCER DISTRIBUTION SERVICES,
LLC, et al.,

                    Defendants.

CASE NO. C10-1381BHS


ORDER GRANTING
DEFENDANTS' MOTION
FOR CONTINUANCE AND
GRANTING PLAINTIFF'S
MOTION FOR PROTECTIVE
ORDER

        This matter comes before the Court on Defendants' motion for continuance under

Rule 56(d) [formerly Rule 56(f)] of the Federal Rules of Civil Procedure (Dkt. 36) and

Plaintiff LMD Integrated Logistic Services, Inc.'s ("LMD") motion for a protective order

to strike notice of 30(b)(6) deposition (Dkt. 41).  The Court has considered the pleadings

filed in support of and in opposition to the motions and the remainder of the file and

hereby grants Defendants' motion for continuance and grants LMD's motion for

protective order for the reasons stated herein.

## I. PROCEDURAL HISTORY

        This case involves a dispute related to an agreement under which LMD stored its

goods at Defendants' warehouse facilities.  LMD filed its original complaint on August

26, 2010, seeking replevin and money damages against Defendants.  Dkt. 1.  On October

21, 2010, the Court issued a scheduling order which states that discovery is to be

completed in this action by June 6, 2011, and that dispositive motions must be filed by July 6, 2011.  On December 17, 2010, LMD filed an amended complaint.  Dkt. 28.

On March 10, 2011, LMD filed a motion for summary judgment.  Dkt. 32.  On March 17, 2010, Defendants filed their motion for continuance of LMD's motion for summary judgment.  Dkt. 36.  On March 30, 2011, LMD responded to the motion (Dkt. 45) and on March 31, 2011, Defendants replied (Dkt. 46).

On March 29, 2011, LMD filed its motion for protective order to strike notice of 30(b)(6) deposition.  Dkt. 41.  On April 5, 2011, Defendants responded to the motion (Dkt. 48) and on April 8, 2011, LMD replied (Dkt. 50).

## II. DISCUSSION

### A.    Defendants' motion for continuance

Rule 56(d) of the Federal Rules of Civil Procedure allows the Court to deny or continue a motion for summary judgment if the defending party establishes that it is unable to properly defend against the motion.  The party seeking such a continuance must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-1130 (9th Cir. 2004).  The Court may deny the request unless the party opposing summary judgment articulates how additional discovery may preclude summary judgment and demonstrates diligence in pursuing discovery thus far. *Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir. 1994).

Defendants seek a continuance of LMD's pending motion for summary judgment pursuant to Rule 56(d) because they need additional time for discovery in order to respond to the motion.  Dkt. 36.  LMD's motion for summary judgment seeks a ruling from the Court that:

1.       LMD bore no contractual or other obligation to engage defendants' services for all of LMD's Washington transportation and storage business, and otherwise did not violate any contractual agreement between the parties;

2.       LMD owes no unpaid storage or other service charges to Defendants;

3.       Defendants' assertion of a warehouseman's lien and detention of approximately $1,600,000 worth of property to secure an alleged $38,266.56 debt was improper;

4.       LMD is entitled to an award of $34,782.45 in principal damages; and

5.       Defendants' wrongdoing violates Washington's Consumer Protection Act ("CPA"), RCW 19.86.020 and LMD is entitled to an award of damages under the CPA. Dkt. 32 at 1-2.

Defendants maintain that further discovery, including a 30(b)(6) deposition of LMD's principal, Mr. Diblosi, is necessary to respond to each of these rulings sought by LMD's motion for summary judgment. Dkt. 36. Specifically, Defendants contend that further discovery will reveal information regarding the following issues: (1) the parties' oral agreement and whether or not, under that agreement, LMD owes Defendants for unpaid storage and transportation charges and the amounts due; (2) whether or not Defendants solicited LMD's business for purposes of LMD's CPA claim; and (3) whether LMD's damages can be substantiated. *Id.* In its opposition to the motion for continuance, LMD argues that Defendants have had ample time to conduct discovery and that they have failed to meet their burden to show that further discovery is necessary to respond to the motion for summary judgment. Dkt. 45.

Having reviewed the parties' briefing and the remaining record, the Court concludes that Defendants have established that proceeding with additional discovery may produce evidence sufficient to defeat summary judgment and have shown diligence in pursuing discovery thus far. *See Qualls*, 22 F.3d at 844. Although LMD argues that Defendants have waited several months to begin making discovery requests, the Court

does not find that Defendants have exhibited a lack of diligence as the discovery cutoff in this case, as well as the dispositive motion deadline, are still months away. *See* Dkt. 21. Accordingly, the Court concludes that Defendants have met their burden to show that LMD's motion for summary judgment should be continued under Rule 56(d). Therefore, the Court will renote LMD's motion for summary judgment to June 10, 2011.

**B.     LMD's motion for protective order**

Rule 26(c) of the Federal Rules of Civil Procedure states that a party "from whom discovery is sought may move for a protective order" and that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."

LMD's motion for protective order asks the Court to strike Defendants' notice of 30(b)(6) deposition because such notice is unduly burdensome, was improperly scheduled, and was issued for the purpose of artificially supplementing Defendants' pending motion for continuance. Dkt. 41. In their opposition to the motion, Defendants maintain that the issue regarding the 30(b)(6) deposition is not one of scheduling, but rather that LMD refuses to acknowledge that Defendants are entitled to discovery. Dkt. 48. Defendants also seek sanctions against LMD because it did not acquire a protective order from the Court before refusing to comply with the notice of deposition. *Id.*

Although the Court acknowledges Defendants' argument that, under the discovery rules, LMD should have complied with the notice of deposition because it had not obtained a protective order from the Court, the Court also acknowledges the short time frame in which LMD, an out-of-state Defendant, was under in responding to the twelve-day notice that was given by Defendants for the 30(b)(6) deposition and in preparing its motion for protective order. The Court concludes that LMD has shown good cause for granting the motion for protective order in that complying with the notice would have been unduly burdensome. Accordingly, the motion for protective order is granted to the extent that the notice of deposition for April 5, 2011, is stricken and that no sanctions will

be imposed.  Further, the Court concludes that the parties are to reschedule the 30(b)(6) deposition to a time, place and location that is as convenient as practicable for both parties and complies with the Federal Rules of Civil Procedure.

### III. ORDER

Therefore, the Court hereby **ORDERS** as follows:

1.      Defendants' motion for continuance (Dkt. 36) is **GRANTED** and LMD's motion for summary judgment (Dkt. 32) is **RENOTED** to June 10, 2011; and

2.      LMD's motion for protective order (Dkt. 41) is **GRANTED** as discussed herein.

DATED this 14th day of April, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 5