UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LMD INTEGRATED LOGISTIC SERVICES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MERCER DISTRIBUTION SERVICES, LLC, a Washington limited liability company; and MERCER TRANSPORT, LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. C10-1381BHS<br><br>ORDER GRANTING LMD'S MOTION TO STRIKE AND DENYING LMD'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff LMD Integrated Logistic Services, Inc.'s ("LMD") motion for summary judgment (Dkt. 32) and motion to strike (Dkt. 64). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion to strike and denies the motion for summary judgment for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 26, 2010, LMD filed a complaint against Defendants Mercer Distribution Services, LLC, and Mercer Transport, LLC (collectively "Mercer"), for replevin and money damages. Dkt. 1. On December 17, 2010, LMD filed an Amended Complaint. Dkt. 28. LMD asserts causes of action of replevin, conversion, tortious

ORDER - 1

interference with business expectancy, breach of the Washington Consumer Protection Act ("CPA"), and damages in contract. *Id*. ¶¶ 15-34.

On January 5, 2011, Mercer answered and asserted an untitled counterclaim that appears to be a breach of contract claim. Dkt. 30 ¶¶ 39-55. On January 6, 2011, LMD answered the counterclaim. Dkt. 31.

On March 10, 2011, LMD filed a motion for summary judgment. Dkt. 32. On March 17, 2011, Mercer filed a motion to continue the consideration of LMD's motion pursuant to Fed. R. Civ. P. 56(f). Dkt. 36. On April 14, 2011, the Court granted Mercer's motion to continue and renoted LMD's motion for summary judgment to June 10, 2011. Dkt. 51.

On June 6, 2011, Mercer responded to LMD's motion for summary judgment. Dkt. 54. On June 10, 2011, LMD replied. Dkt. 58. On June 15, 2011, Mercer filed a sur-reply. Dkt. 61.

On June 16, 2011, LMD filed a motion to strike Mercer's sur-reply. Dkt. 64. On June 17, 2011, Mercer responded. Dkt. 67. On June 21, 2011, LMD replied. Dkt. 68.

## II. FACTUAL BACKGROUND

LMD is a third-party logistics company that manages its customers' inventory throughout the supply chain, including the transportation, storage, documentation and distribution of freight. Dkt. 34, Declaration of Louis Diblosi, Jr., ("Diblosi Decl."), ¶ 3. In July of 2009, LMD reached a verbal agreement with Mercer regarding warehousing and transportation services that would be provided by Mercer. *Id*. ¶¶ 7-8.

Mercer contends that, in return for reduced storage rates, it entered into an exclusivity agreement with LMD. On April 12, 2010, Mr. Diblosi of LMD sent Mr. Nielson of Mercer an email stating, in part, that Mercer had "all" of LMD's "business in the Northwest not only Seattle but Portland also . . . ." Dkt. 55, Declaration of Joel

Watkins, Jr. ("Watkins Decl."), Exh. E. LMD disputes that it entered into an exclusivity agreement with Mercer.

In July 2010, Mercer discovered that LMD was storing orders with another warehousing company. Dkt. 56, Declaration of Debby Nelson ("Nelson Decl."), ¶ 11. In or about August 2010, LMD issued directives to Mercer for the release and transport of certain property that LMD had stored with Mercer. Diblosi Decl. ¶ 16. Mercer refused to release any of LMD's property and asserted that LMD had violated the "exclusivity agreement." *Id*. In fact, Mercer alleged that LMD owed backcharges for storage from April to July due to the breach of the agreement. Nelson Decl., ¶ 11. This action was filed shortly thereafter.

## III. DISCUSSION

### A. LMD's Motion to Strike

LMD moves to strike Mercer's sur-reply (Dkt. 61) and materials attached thereto as improper. Dkt. 64. The Court agrees that Mercer's filing is improper pursuant to the local rules and, therefore, grants LMD's motion to strike the filing.

### B. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").

*See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson,* 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**C.    LMD's Motion for Summary Judgment**

    **1.    Breach of Contract**

"The cardinal rule with which all [contract] interpretation begins is that its purpose is to ascertain the intention of the parties." *Berg v. Hudesman*, 115 Wn.2d 657, 663 (1990).

In this case, it is undisputed that there was no written agreement between the parties. Taking the facts in the light most favorable to Mercer, the non-moving party, the parties' agreement contained an exclusivity clause. For example, on April 12, 2010, Mr. Diblosi of LMD sent Mr. Nielson of Mercer an email stating, in part, that Mercer had "all" of LMD's "business in the Northwest not only Seattle but Portland also . . . ."

Therefore, the Court denies LMD's motion for summary judgment as to the contract issues because a material question of fact exists as to the terms of the parties agreement.

### 2. Warehouse Receipts

Washington law requires warehousemen to issue warehouse receipts which state the specifics of the storage agreement. The relevant statute, entitled "Form of warehouse receipt; essential terms; optional terms," provides in part as follows:

> (2) Unless a warehouse receipt embodies within its written, printed, or electronic terms each of the following, the warehouseman is liable for damages caused by the omission to a person injured thereby:
>
> * * *
>
> (e) the rate of storage and handling charges, except that where goods are stored under a field warehousing arrangement a statement of that fact is sufficient on a non-negotiable receipt;

RCW 62A.7-202.

In this case, LMD argues that Mercer's receipts did not provide the rate of storage or handling charges. Dkt. 32. Based on the "sample" receipts, the Court agrees that Mercer failed to include the rate of storage or handling charges on its receipts. Moreover, Mercer does not contest that its receipts met the requirements of the statute. *See* Dkt. 54 at 13-14. The issue of causation, however, is less certain.

LMD argues that "any damages to LMD resulting from a storage dispute are Mercer's liability as a clear matter of law." Dkt. 32 at 11. The statute, however, does not provide relief for all damages relating to a storage dispute. LMD must prove that the omission of certain terms on Mercer's receipt caused damages to LMD. Based on the record before the Court, LMD has failed to show that there are no questions of fact as to causation. Therefore, the Court denies LMD's motion for summary judgment on the issues of damages LMD may have suffered as a result of Mercer's failure to provide essential terms on its receipts pursuant to RCW 62A.7-202.

### 3. Warehouseman's Lien

Pursuant to Washington law, a warehouseman may withhold property under its control and sell the property to insure satisfaction of the obligations of the bailor. *See* RCW 62A.7-209-210.

In this case, LMD argues that Mercer's "assertion of a warehouseman's lien and detention of approximately $1,600,000 worth of property to secure an alleged $38,266.56 debt was improper." Dkt. 32 at 1. While it appears to be unreasonable to detain an amount of property valued well in excess of an alleged debt, LMD has failed to provide any authority that the reasonableness of the amount of property withheld under a lien is a question of law. Therefore, the Court denies LMD's motion for summary judgment on this issue.

### 4. Washington CPA

The Washington CPA provides that "[u]nfair methods of competition . . . and unfair or deceptive acts . . . in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020. The five elements of a CPA cause of action are as follows:

> (1) Is the action complained of an unfair or deceptive act or practice? (2) Did the action occur in the conduct of trade or commerce? (3) Is there a sufficient showing of public interest? (4) Was there injury in the plaintiff's business or property? and (5) Was there a causal link between the unfair acts and injury suffered?

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).

In this case, LMD argues that the Court should find that Mercer violated the CPA and award damages. The Court, however, has found that material questions of fact exist such that LMD is not entitled to summary judgment as a matter of law on any cause of action. Therefore, at this time, LMD has failed to show that Mercer committed an unfair or deceptive act and the Court denies LMD's motion on this issue.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that LMD's motion to strike (Dkt. 64) is **GRANTED** and LMD's motion for summary judgment (Dkt. 32) is **DENIED**.

DATED this 7th day of July, 2011.

BENJAMIN H. SETTLE  
United States District Judge

ORDER - 7