UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LMD INTEGRATED LOGISTIC SERVICES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MERCER DISTRIBUTION SERVICES, LLC, a Washington limited liability company; and MERCER TRANSPORT, LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. C10-1381BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION |

This matter comes before the Court on Defendants Mercer Distribution Services, LLC, and Mercer Transport, LLC's ("Mercer") motion to strike Plaintiff LMD Integrated Logistic Services, Inc.'s claim (Dkt. 95). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 26, 2010, LMD filed a complaint against Mercer for replevin and money damages. Dkt. 1. On December 17, 2010, LMD filed an Amended Complaint asserting causes of action of replevin, conversion, tortious interference with business expectancy, breach of the Washington Consumer Protection Act ("CPA"), and

ORDER - 1

damages in contract. *Id.* ¶¶ 15-34. On January 5, 2011, Mercer answered and asserted an untitled counterclaim that appears to be a breach of contract claim. Dkt. 30 ¶¶ 39-55. On January 6, 2011, LMD answered the counterclaim. Dkt. 31.

On October 3, 2011, LMD filed proposed findings of fact and conclusions of law. Dkt. 91. Proposed finding of fact number 21 states that "LMD overpaid Mercer $26,206.93 as a result of Mercer's accounting errors." *Id*.

The parties' two-day bench trial started on October 4, 2011. *See* Dkt. 93. Mercer moved to dismiss LMD's overpayment claim because LMD had not previously pled such a claim. The Court denied the motion. When LMD began to present evidence of the parties' financial dealing, the Court concluded that a Certified Public Accountant ("CPA") would be appointed to conduct an audit of the transaction and report back to the Court.

On October 13, 2011, Mercer filed a motion to strike LMD's overpayment claim or, in the alternative, allow financial evidence of LMD and Mercer's relationship dating to June 9, 2006. Dkt. 95. On October 24, 2011, LMD responded. Dkt. 101. On October 27, 2011, Mercer replied. Dkt. 109.

## II. DISCUSSION

An amendment that seeks to conform the pleadings to proof introduced at trial is proper under Rule 15(b) unless it results in prejudice to one of the parties. *Galindo v. Stoody Co.*, 793 F.2d 1502, 1513 (9th Cir. 1986).

In this case, Mercer has failed to show prejudice sufficient to preclude LMD's claim that it overpaid Mercer. The Court, however, agrees with Mercer that evidence of all of the parties' transaction should at least be considered by the appointed CPA. Objections to the report shall be handled pursuant to Fed. R. Civ. P. 53(f). Therefore, the Court grants Mercer's motion to the extent of evidence that the CPA may consider and include in the report to the Court. The remainder of the motion is denied.

ORDER - 2

## III. ORDER

Therefore, it is hereby **ORDERED** that Mercer's motion to strike LMD's claim or, in the alternative, allow additional evidence is **GRANTED in part** and **DENIED in part** as stated herein.

DATED this 30th day of November, 2011.

BENJAMIN H. SETTLE
United States District Judge