UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LMD INTEGRATED LOGISTIC SERVICES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MERCER DISTRIBUTION SERVICES, LLC, a Washington limited liability company; and MERCER TRANSPORT, LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. C10-1381BHS<br><br>ORDER APPOINTING SPECIAL MASTER |

This matter comes before the Court on the parties' proposed orders to appoint a special master.

On October 21, 2011, Defendants Mercer Distribution Services, LLC, and Mercer Transport, LLC's ("Mercer") filed a proposed order appointing Lisa Wilson as a Special Master. Dkt. 100. Mercer also submitted an unexecuted affidavit stating that there is no ground for disqualification of Ms. Wilson. *Id.*, Exh. 1. On October 25, 2011, Plaintiff LMD Integrated Logistic Services, Inc. ("LMD") filed a proposed order appointing Steven G. Roberts as a Special Master and submitted an executed affidavit stating that there is no ground for disqualification of Mr. Roberts. Dkts. 103 & 104.

ORDER - 1

The Court, having reviewed the proposed orders, the material submitted in support of the proposed orders, and the remainder of the file hereby appoints Mr. Roberts as Special Master.

**A.  Duties**

Mr. Roberts' duties shall be as follows:

(1) Review, examine and consider, in accordance with generally accepted accounting standards, all evidence submitted by the parties concerning the financial transactions between LMD and Mercer, between December 2005 and August 25, 2010;

(2) Based on the invoices Mercer issued to LMD, payments Mercer received from LMD, and Mercer's accounting calculations, determine (i) whether LMD owes any unpaid sums to Mercer; (ii) whether LMD has paid all invoiced sums; (iii) whether LMD overpaid any sums invoiced to it by Mercer; and (iv) the specific amount of any unpaid or overpaid sums; and

(3) Based on the invoices and checks LMD issued to Mercer, determine (i) whether LMD owes any unpaid sums to Mercer; (ii) whether LMD has paid all invoiced sums; (iii) whether LMD overpaid any sums invoiced to it by Mercer; and (iv) the specific amount of any unpaid or overpaid sums.

**B.  Communications**

With regard to communications, Mr. Roberts may communicate ex parte with the Court and any party at any time at his own discretion. Any such ex parte communication with any representative of a party shall be with the attorney for such party in attendance. Any ex parte communication the Special Master may have with the Court or any party shall be reported in writing to all other parties as soon as reasonably possible. Such report shall include the substance of the ex parte communication, and offer the party to which the ex parte communication was reported a reasonable opportunity to respond to the substance of the ex parte communication.

**C.  Materials**

Within five (5) days of the issuance of this order, the parties shall provide Mr. Roberts copies of all documents the parties contend will assist Mr. Roberts in the

performance of his assigned duties. Mr. Roberts shall preserve any documents he generates himself, along with any written calculations he undertakes in making his determinations, and shall file the same with the Court at the conclusion of his responsibilities hereunder as a record of his activities.

**D.     Procedure**

Within thirty (30) days of the date hereof, the Special Master shall submit to the Court and parties a written report detailing his conclusions regarding his assigned duties, along with a statement of all evidence considered and all accounting methodologies applied. The report shall be delivered to the Court's chambers. Actions on the report will be governed by Fed. R. Civ. P. 53(f).

**E.     Compensation**

Mr. Roberts shall be compensated at a rate of three hundred ($300.00) dollars per hour. Upon completion of his responsibilities hereunder, Mr. Roberts shall submit a statement to LMD and Mercer which describes all activity undertaken, and which invoices each 50% of the total fees incurred and costs disbursed. The parties shall be responsible for payment of their 50% shares of the fees and costs within thirty (30) days of their receipt of the statement.

**IT IS SO ORDERED.**

DATED this 30th day of November, 2011.

BENJAMIN H. SETTLE
United States District Judge