UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LMD INTEGRATED LOGISTIC SERVICES, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>MERCER DISTRIBUTION SERVICES, LLC, a Washington limited liability company, and MERCER TRANSPORT, LLC, a Washington limited liability company,<br><br>          Defendants. | CASE NO. C10-1381 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES |

This matter comes before the Court on Plaintiff LMD Integrated Logistic Services, Inc.'s ("LMD") motion for award of attorney's fees (Dkt. 152). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL HISTORY

On September 24, 2012, the Court issued its findings of fact and conclusions of law awarding final judgment in favor of LMD. Dkt. 150. On October 8, 2012, LMD filed a motion for an award of attorneys' fees. Dkt. 152. On October 22, 2012, Defendants Mercer Distribution Services, LLC and Mercer Transport, LLC ("Mercer") responded. Dkt. 155. On October 26, 2012, LMD replied. Dkt. 159.

## II. DISCUSSION

RCW 4.84.185, entitled "Prevailing party to receive expenses for opposing frivolous action or defense," provides as follows:

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, crossclaim, third party claim, or defense. This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action as to the prevailing party. The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause. In no event may such motion be filed more than thirty days after entry of the order.

The Court has discretion in determining whether to award attorneys' fees pursuant to RCW 4.84.185. *See Zink v. City of Mesa*, 137 Wn. App. 271, 276 (2007).

In this case, LMD argues that Mercer's claims and defenses were frivolous and advanced without reasonable cause. Dkt. 152 at 4–6. The Court disagrees. Mercer submitted evidence in support of its positions, but the Court found LMD's evidence more persuasive. Moreover, the fact that Mercer's positions were not "accepted by the Court"

1  (Dkt. 152 at 4) does not lead to the conclusion that the positions were frivolous or

2  without reasonable cause.  Therefore, the Court denies LMD's motion.

### III. ORDER

Therefore, it is hereby **ORDERED** that LMD's motion for award of attorneys' fees (Dkt. 152) is **DENIED.**

Dated this 6th day of November, 2012.

	BENJAMIN H. SETTLE
	United States District Judge